## Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. George H. Huston.

1. VERDICT—*when set aside as against the evidence.* Where it is manifest from the evidence that the injury of the plaintiff for which recovery is sought was induced by his own negligence, a verdict in favor of such plaintiff will be set aside.

Action on the case for personal injuries. Appeal from the Circuit Court of Coles County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1905. Reversed, with finding of fact. Opinion filed March 20, 1906.

GEORGE F. McNULTY, for appellant; H. A. NEAL, of counsel.

EDWARD C. and JAMES W. CRAIG, JR., for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellee against appellant to recover damages for personal injuries resulting from the alleged negligence of appellant. There was a verdict against appellant for $1,000, a voluntary *remittitur* by ap-

pellee of $100, and a judgment against appellant for $900.

The declaration contains four counts. The first count alleges that appellee was in a certain wagon drawn by a horse which he was driving south on 16th street in the city of Mattoon, toward the railroad crossing of appellant on said street; that while appellee was on said railroad crossing and in the exercise of due care for his own safety, the servants of appellant so carelessly and improperly drove and managed its locomotive and train that the same struck appellee's wagon with such force and violence that appellee, in order to save his life, was forced to jump out of said wagon and was thrown to the ground, whereby he was injured, etc. The second count alleges negligence of appellant in failing to ring a bell or blow a whistle while approaching said crossing, as required by statute. The third count sets up an ordinance of the city of Mattoon requiring appellant to maintain a sufficient gate or gates at said crossing and alleges the failure of appellant to comply with such ordinance, and that such failure was the proximate cause of appellee's injury. The fourth count alleges as the proximate cause of appellee's injury a violation by appellant of an ordinance of the city of Mattoon, prohibiting the running of any locomotive or train within said city at a speed exceeding six miles an hour.

Various grounds are urged by appellant for a reversal of the judgment, but in the view we are constrained to take of the case, it will only be necessary to discuss and determine the question whether or not, appellee was guilty of negligence contributing to his injury.

The uncontroverted facts in the case are substantially as follows: Appellant has four tracks crossing 16th street. The first or north track is a house track, the second is the north main, or west-bound main track, the third is the south main, or east-bound main track, and the fourth, or south track, is the elevator track. Appellee was engaged in hauling freight to and from appellant's freight house, and in so doing he crossed the tracks on 16th street fifteen or twenty times a day. He knew there were no gates at the crossing;

that engines and cars frequently ran on the tracks, switching and otherwise; and that a flagman was stationed at the crossing by appellant to warn travellers on the street of danger. On September 18, 1904, as appellee approached the crossing from the north in a wagon, he found the crossing blocked by the box cars of a freight train standing on the north main track, and found Joseph Ingle with a team and wagon on the east side of the street waiting for the crossing to be unblocked. After waiting some time appellee and Ingle asked the brakeman on one of the box cars to cut the train so they could get through, and thereupon the brakeman uncoupled two cars nearest the east line of the street and signaled the engineer to go ahead. Notwithstanding Ingle was directly in line of the point where the cut was made and nearer to such cut than appellee, appellee, while the cars were moving westward, and when the opening at the crossing was only from 8 to 10 feet, without waiting for a signal from the flagman, who was properly on the south side of the crossing, and while his view of the other tracks was obscured by the box cars, urged his horse forward in a run in order to make the crossing in advance of Ingle, and hurriedly drove across the north main track between the cars. After appellee had crossed the north main track, and while he was crossing the south main track, his wagon was struck by the forward car of a cut of 8 or 9 coal cars which was being switched eastward on that track, and the alleged injury resulted.

Appellee, while on the north side of appellant's tracks, and until he came upon the north main track, was hidden from the view of the crossing flagman, and several persons on the south side of the tracks who were waiting an opportunity to cross, but as soon as his horse appeared in the cut and it was evident he contemplated crossing the tracks, the flagman and two or three other persons attempted by signals and loud calls to warn appellee of the danger and to prevent his crossing the south main track. Because appellee gave no heed to the signals and shouts or because he

was unable to check his horse, or because he determined to take the chance, he drove ahead and was injured.

There is a conflict in the evidence as to whether or not the bell was ringing on the engine which was pushing the cut of coal cars, and whether or not the coal cars were running at a speed in excess of that prescribed by ordinance, but the clear preponderance of the evidence tends to show that appellant was not negligent in either regard.

Assuming, however, that appellant was guilty of the negligence alleged, it does not follow that appellee is entitled, as a matter of course, to recover damages for a resulting injury. It is as essential to appellee's right of recovery that he should aver and prove that he was in the exercise of due care and caution for his own safety, as that appellant was negligent.

The facts and circumstances in evidence in this case so clearly show that appellee was injured because of his own heedlessness, and want of the slightest care for his own safety, that the judgment must be reversed, with a finding of fact to be incorporated in the judgment of this court.

*Reversed, with finding of fact.*

FINDING OF FACT: We find that appellee was guilty of negligence contributing to his injury.